UNLAWFUL CONFLICT OF INTEREST
IN THE AREA OF CONFLICTS OF INTEREST, YOUR QUESTIONS INVOLVE THE ANALYSIS OF BOTH STATUTES AND THE OKLAHOMA CONSTITUTION. ARTICLE X, SECTION 11 OF THE OKLAHOMA CONSTITUTION PROVIDES, IN PART:
 THE RECEIVING, DIRECTLY OR INDIRECTLY, BY ANY OFFICER OF THE STATE, OR OF ANY COUNTY, CITY, OR TOWN, OR MEMBER OR OFFICER OF THE LEGISLATURE, OF ANY INTEREST, PROFIT, OR PERQUISITES, ARISING FROM THE USE OR LOAN OF PUBLIC FUNDS IN HIS HANDS, OR MONEYS TO BE RAISED THROUGH HIS AGENCY FOR STATE, CITY, TOWN, DISTRICT OR COUNTY PURPOSES SHALL BE DEEMED A FELONY.
ARTICLE X, SECTION 11 PROHIBITS SUCH PUBLIC OFFICERS FROM RECEIVING A DIRECT OR INDIRECT PROFIT FROM THE USE OF PUBLIC FUNDS. IT ALSO PROHIBITS THE OFFICER FROM RECEIVING PECUNIARY INTERESTS ARISING FROM THE LOAN OR USE OF PUBLIC FUNDS. IT IS THE OFFICER HIMSELF WHO MUST RECEIVE THE DIRECT OR INDIRECT PROFIT OR INTEREST. THE TYPE OF INTEREST SUBJECT TO THE PROHIBITION IS A PRIVATE OR PERSONAL INTEREST OF A FINANCIAL OR PECUNIARY NATURE. A.G. OPIN. NO. 79-267. WHETHER SUCH A PROFIT OR INTEREST EXISTS IS A QUESTION OF FACT. A.G. OPIN. NO. 85-138.
THERE IS A SPECIFIC CONFLICT OF INTEREST STATUTE FOR MUNICIPAL OFFICERS AND EMPLOYEES, INCLUDING CITY COUNCIL PERSONS. TITLE 11 O.S. 8-113 PROVIDES, IN PART:
 "A. EXCEPT AS OTHERWISE PROVIDED BY THIS SECTION, NO MUNICIPAL OFFICER OR EMPLOYEE, OR ANY BUSINESS IN WHICH SAID OFFICER, EMPLOYEE, OR SPOUSE OF THE OFFICER OR EMPLOYEE HAS A PROPRIETARY INTEREST, SHALL ENGAGE IN:
 1. SELLING, BUYING, OR LEASING PROPERTY, REAL OR PERSONAL, TO OR FROM THE MUNICIPALITY;
2. CONTRACTING WITH THE MUNICIPALITY; OR **
 C. FOR PURPOSES OF THIS SECTION, "PROPRIETARY INTEREST" MEANS OWNERSHIP OF MORE THAN TWENTY FIVE PERCENT (25%) OF THE BUSINESS OR OF THE STOCK THEREIN OR ANY PERCENTAGE WHICH CONSTITUTES A CONTROLLING INTEREST BUT SHALL NOT INCLUDE ANY SUCH INTEREST HELD BY A BLIND TRUST.
 D. ANY PERSON CONVICTED OF VIOLATING THE PROVISIONS OF THIS SECTION SHALL BE GUILTY OF A MISDEMEANOR. ANY TRANSACTION ENTERED INTO IN VIOLATION OF THE PROVISIONS OF THIS SECTION IS VOID. ANY MEMBER OF A GOVERNING BODY WHO APPROVES ANY TRANSACTION IN VIOLATION OF THE PROVISIONS OF THIS SECTION SHALL BE HELD PERSONALLY LIABLE FOR THE AMOUNT OF SAID TRANSACTION.
SIMILARLY, THE POWERS AND DUTIES OF THE OKLAHOMA TURNPIKE AUTHORITY AND ITS MEMBERS ARE EXPRESSLY LIMITED BY CONFLICT OF INTEREST PROHIBITIONS FOUND IN ITS ENABLING STATUTE. TITLE 69 O.S. 1705(O) PROVIDES:
 "IT SHALL BE UNLAWFUL FOR ANY MEMBER, OFFICER OR EMPLOYEE OF THE AUTHORITY TO TRANSACT WITH THE AUTHORITY, EITHER DIRECTLY OR INDIRECTLY, ANY BUSINESS FOR PROFIT OF SUCH MEMBER, OFFICER, OR EMPLOYEE; AND ANY PERSON, FIRM, OR CORPORATION KNOWINGLY PARTICIPATING THEREIN SHALL BE EQUALLY LIABLE FOR VIOLATION OF THIS PROVISION.
THE TERM "BUSINESS FOR PROFIT" SHALL INCLUDE, BUT NOT BE LIMITED TO, THE ACCEPTANCE OR PAYMENT OF ANY FEE, COMMISSION, GIFT, OR CONSIDERATION TO SUCH MEMBER, OFFICER, OR EMPLOYEE.
VIOLATION OF THIS PROVISION SHALL CONSTITUTE A FELONY AND SHALL BE PUNISHABLE BY A FINE OF NOT LESS THAN FIVE HUNDRED DOLLARS ($500.00) AND NOT MORE THAN FIVE THOUSAND DOLLARS ($5,000.00), OR BY IMPRISONMENT IN THE STATE PENITENTIARY FOR NOT MORE THAN FIVE (5) YEARS, OR BY BOTH SUCH FINE AND IMPRISONMENT.
ANY CONFLICT OF INTEREST ANALYSIS WOULD ALSO INCLUDE CONSIDERATION OF 62 O.S. 371/21 O.S. 344, AND 21 O.S. 355.62 O.S. 371 PROVIDES, IN PART:
 "NO BOARD OF COUNTY COMMISSIONERS, NOR CITY COUNCIL, NOR BOARD OF TRUSTEES OF ANY TOWN, NOR ANY DISTRICT BOARD OF ANY SCHOOL DISTRICT IN THIS STATE, NOR ANY BOARD OF ANY LOCAL SUBDIVISION OF THIS STATE SHALL MAKE ANY CONTRACT WITH ANY OF ITS MEMBERS, OR IN WHICH ANY OF ITS MEMBERS SHALL BE DIRECTLY OR INDIRECTLY INTERESTED; AND ALL CONTRACTS MADE IN VIOLATION OF THIS SECTION SHALL BE WHOLLY VOID.
LIKEWISE, 21 O.S. 344 (1990) PROVIDES, IN PART:
 "EVERY PUBLIC OFFICER, BEING AUTHORIZED TO SELL OR LEASE ANY PROPERTY, OR MAKE ANY CONTRACT IN HIS OFFICIAL CAPACITY, WHO VOLUNTARILY BECOMES INTERESTED INDIVIDUALLY IN SUCH SALE, LEASE OR CONTRACT, DIRECTLY OR INDIRECTLY, IS GUILTY OF A MISDEMEANOR."
LASTLY, 21 O.S. 355 (1990) PROVIDES, IN PART:
 "IT SHALL BE UNLAWFUL FOR ANY MEMBER OF ANY BOARD OF COUNTY COMMISSIONERS, CITY COUNCIL OR OTHER GOVERNING BODY OF ANY CITY, BOARD OF TRUSTEES OF ANY TOWN, BOARD OF DIRECTORS OF ANY TOWNSHIP, BOARD OF EDUCATION OF ANY CITY OR SCHOOL DISTRICT, TO FURNISH, FOR A CONSIDERATION ANY MATERIAL OR SUPPLIES FOR THE USE OF SAID COUNTY, CITY, TOWN, TOWNSHIP, OR SCHOOL DISTRICT."
DESPITE THE PROHIBITIONS FOUND IN ALL THREE OF THE IMMEDIATELY PRECEDING STATUTES, THEY ARE NOT APPLICABLE BY THE EXPRESS TERMS OF EACH STATUTE TO MUNICIPAL OFFICERS COVERED BY THE PROVISIONS OF 11 O.S. 8-113, SUPRA. SEE 62 O.S. 371(B) ; 21 O.S. 344; 21 O.S. 385(B).
EVEN SO, THE HALLMARK OF ALL OF THE STATE CONFLICT OF INTEREST STATUTES WHICH MAY BE APPLICABLE TO CITY COUNCIL PERSONS WHO CONTRACT WITH THEIR CITIES IS THE REQUIREMENT THAT THE CITY COUNCIL PERSONS BE DIRECTLY OR INDIRECTLY INTERESTED IN SUCH CONTRACTS. AS STATED ABOVE, AN OFFICIAL IS "INDIRECTLY INTERESTED IN A CONTRACT LET BY THE BODY OF WHICH HE IS A MEMBER WHEN HE HAS OR IS LIKELY TO HAVE A PECUNIARY INTEREST IN THE CONTRACT OR SALE." A.G OPIN. NO. 79-183.
GENERALLY, THEN, THE TYPE OF "INTEREST" THAT DISQUALIFIES PUBLIC OFFICERS FROM CERTAIN TYPES OF TRANSACTIONS IS A "FINANCIAL OR PECUNIARY" INTEREST. A.G. OPIN. NO. 88-88; A.G. OPIN. NO. 85-138; A.G. OPIN. NO. 79-267. YOUR OPINION REQUESTS PRIMARILY CONCERN CONTRACTS BETWEEN THE OKLAHOMA TURNPIKE AUTHORITY AND A CITY COUNCIL, NEITHER OF WHICH IS A PROFIT ORIENTED ENTERPRISE WITH STOCKHOLDERS OR ANY OWNERSHIP INTEREST OF PRIVATE INDIVIDUALS. SINCE NEITHER THE MEMBERS OF THE AUTHORITY NOR THE MEMBERS OF THE CITY COUNCIL HAVE ANY PERSONAL FINANCIAL OR PECUNIARY INTEREST IN ANY OF THESE CONTRACTS, THE PROVISIONS OF THE FOREGOING STATUTES DO NOT APPLY.
FURTHERMORE, IN HALSTEAD V. MCHENDRY, 566 P.2D 134 (OKLA. 1977), THE HIGHEST COURT OF THIS STATE SQUARELY HELD THAT DUAL MEMBERSHIP ON BOARDS, EVEN WHEN THE BOARDS CONTRACT WITH ONE ANOTHER, DOES NOT CREATE ANY LEGAL CONFLICT OF INTEREST AS A MATTER OF LAW. HOWEVER, WHILE THERE IS NO CONFLICT OF INTEREST AS A MATTER OF LAW BECAUSE OF SUCH DUAL MEMBERSHIP, WE BELIEVE THAT THE FACTS OF A GIVEN CASE COULD CONCEIVABLY GIVE RISE TO A VIOLATION OF THE PUBLIC OFFICERS' COMMON LAW FIDUCIARY DUTY TO EACH GOVERNMENTAL ENTITY. A.G. OPIN. NO. 88-088. IN THIS REGARD, WHEN A CITY COUNCIL PERSON CONSIDERS A CONTRACTING SITUATION WHICH INVOLVES A POTENTIAL CONFLICT OF INTEREST, HE OR SHE MUST NOT ONLY CONSIDER THE CONSTITUTIONAL AND STATUTORY PROHIBITIONS, HE OR SHE MUST ALSO CONSIDER THE AVOIDANCE OF AN APPEARANCE OF IMPROPRIETY.
PUBLIC OFFICERS ARE GOVERNED BY THE HIGHEST DUTY KNOWN IN THE LAW. A.G. OPIN. NO. 88-088. IN STATE V. SOWARDS, 82 P.2D 324, 330 (OKLA. CRIM. APP. 1938), OUR COURT OF CRIMINAL APPEALS STATED THAT "IT IS FUNDAMENTAL THAT PUBLIC OFFICES ARE A PUBLIC TRUST." MOREOVER, THE OKLAHOMA SUPREME COURT HAS STRONGLY STATED THAT PUBLIC OFFICERS SHOULD AVOID EVEN THE APPEARANCE OF IMPROPRIETY. JUST RECENTLY, IN WESTINGHOUSE ELECT. V. GRAND RIVER DAM AUTH., 720 P.2D 713, 717718 (OKLA. 1986), THE COURT ISSUED A STRONG ADMONITION TO PUBLIC OFFICIALS:
 GOVERNMENT AGENCIES ARE UNIQUELY ENDOWED WITH THE POWER TO IMPLEMENT THE PUBLIC WILL, AND AS SUCH, ARE SUBJECT TO THE HIGHEST LEVELS OF SCRUTINY BY THE PEOPLE WHOM THEY SERVE. GOVERNMENT OFFICIALS AND EMPLOYEES MUST EXERCISE GREAT CARE TO AVOID EVEN THE APPEARANCE OF IMPROPRIETY IN THEIR DUTIES; FOR THEY, LIKE CAESAR'S WIFE, MUST BE ABOVE REPROACH.
LASTLY, I MUST NOTE THAT IF A CITY WERE A CHARTER CITY UNDER THE OKLAHOMA CONSTITUTION AND LAWS OF OKLAHOMA, SUCH CITY MAY HAVE CHARTER PROVISIONS CONCERNING CONFLICTS OF INTEREST AND/OR DUAL OFFICE HOLDING. STATE STATUTES AND THE CONSTITUTION ITSELF WOULD CONTROL OVER LESS RESTRICTIVE CHARTER PROVISIONS OF A MUNICIPALITY. A. G. OPIN. NO. 85-138, CITING A.G. OPIN. NO. 78-285. HOWEVER, THE CHARTER OR ORDINANCES OF A MUNICIPALITY MAY CONTAIN MORE STRINGENT CONFLICT OF INTEREST AND/OR DUAL OFFICE HOLDING PROVISIONS THAN STATE LAWS. A.G. OPIN. NO. 85-138, CITING A.G. OPIN. NO. 79-267. IN THIS CASE, THE MORE STRINGENT PROVISIONS SHOULD BE FOLLOWED.
I HOPE THIS INFORMAL OPINION WILL BE HELPFUL TO BOTH OF YOU.
(WILLIAM LAFORTUNE)